SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N Y
★ NOV 21 2011 ★

FEUERSTEIN, J.

LINDSAY, M.J.

-----------------------------------------------------------x
PIVOTAL PAYMENTS, INC.,
                Plaintiff,

    - against -

FVA VENTURES, INC. d/b/a VISALUS
SCIENCES and BLYTH, INC.,
                Defendants.
-----------------------------------------------------------x

Case No. CV11- 5713

**COMPLAINT**

Plaintiff Pivotal Payments, Inc. ("Pivotal" or "Plaintiff"), by its attorneys, for its Complaint against defendants FVA Ventures, Inc. d/b/a ViSalus Sciences ("ViSalus") and Blyth, Inc. ("Blyth") (collectively, "Defendants"), alleges as follows:

### Parties

1. Plaintiff Pivotal is a Delaware corporation with its principal place of business located in Melville, New York. It is a national merchant services provider, offering credit and debit card processing, clearing and settlement, gift/loyalty/stored value card programs, terminal management solutions, and electronic check processing services.

2. Defendant ViSalus is a California corporation with its principal place of business located in Troy, Michigan. It is a network marketing company that sells health and nutritional products through a network of independent sales distributors.

3. Defendant Blyth is a Delaware corporation with its principal place of business located in Greenwich, Connecticut. It is the majority shareholder of ViSalus.

4. In or about August 2008, Blyth made an initial investment in ViSalus. In or about April 2011, Blyth acquired fifty-seven and one-half percent (57.5%) of all shares in ViSalus.

## Jurisdiction and Venue

5. The matter in controversy, exclusive of interest and costs, exceeds $75,000. Diversity exists and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

6. Pursuant to the contract between the Pivotal and ViSalus, the parties agreed to submit to the personal jurisdiction of courts located in Queens County, New York.

7. Pursuant to the contract between Pivotal and ViSalus, proper venue for any dispute arising from the contract shall lie in any state or federal court or competent jurisdiction in Queens County, New York.

8. The Court has personal jurisdiction over Blyth because it regularly conducts business in the State of New York.

9. Venue is further properly before this Court pursuant to 28 U.S.C. § 1391(a) and (c) because Defendants, including Blyth, do business and reside in this District.

## Factual Background

10. On or about July 7, 2006, ViSalus and Pivotal entered into a merchant processing agreement. The initial term of the merchant agreement was for three (3) years with an automatic one (1) year renewal unless terminated by a party giving written notice of its intention to not renew at least ninety (90) calendar days before the end of the term.[1] The term would have expired on July 7, 2012, unless it was properly terminated, superseded or amended.

11. On April 7, 2011, ViSalus asked Pivotal to review and improve the fee structure and requested new pricing, noting that, as ViSalus transitions ownership and control "to our parent company," ViSalus "may be forced to change vendors."

---

[1] A copy of this agreement is not attached herewith because it contains a confidentiality provision. If ViSalus did not retain a copy, then Plaintiff will provide a copy upon request.

12. On April 13, 2011, Pivotal sent ViSalus an application with new proposed pricing, offering significant savings to ViSalus.

13. On May 6, 2011, ViSalus informed Pivotal that the proposal had to be reviewed and approved by Blyth.

14. After some negotiations between ViSalus and Pivotal, on August 9, 2011, ViSalus requested that Pivotal send a draft merchant agreement.

15. On August 12, 2011, ViSalus informed Pivotal that Blyth had several issues with the draft merchant agreement and requested a conference call among the three companies.

16. Pivotal's general counsel then communicated directly with Blyth's general counsel and the two negotiated and revised the merchant agreement and an addendum.

17. On August 26, 2011, Blyth approved the final version of the merchant agreement and addendum and confirmed that "we can sign both the main Agreement and the Addendum."

18. On August 30, 2011, Blyth instructed ViSalus to execute the merchant agreement and addendum and send them to Pivotal.

19. On September 12, 2011, ViSalus sent Pivotal executed copies of the merchant agreement and addendum.

20. On September 14, 2011, Pivotal sent ViSalus countersigned copies of the merchant agreement and addendum.

21. On September 15, 2011, pursuant to ViSalus' request, Pivotal initialed a change in the term from three (3) to years two (2) years and sent the initialed copy to ViSalus.

22. On September 15, 2011, Blyth confirmed "we have a signed agreement."[2]

---

[2] A copy of this agreement, including the addendum, is not attached herewith because it contains a confidentiality provision. If Defendants did not retain a copy, then Plaintiff will provide a copy upon request.

23. The initial term of the merchant agreement was for two (2) years with an automatic one (1) year renewal unless terminated by a party giving written notice of its intention to not renew at least ninety (90) calendar days before the end of the term. The term would have expired on September 12, 2013, unless it was properly terminated, superseded or amended.

24. On September 28, 2011, ViSalus sent written notice to Pivotal purporting to revoke its signature on the merchant agreement signed by ViSalus on September 9, 2011, and terminate the merchant agreement signed by ViSalus on July 7, 2006.

25. Pursuant to Section 13.C.iv of the merchant agreement signed by ViSalus on September 9, 2011:

> Early Termination. i. The Merchant agrees that in addition to all other remedies available to Bank and Processor under this Agreement, or as otherwise available at law or equity, if this Agreement is either terminated by Merchant prior to the expiration of the then-current term, or for any reason other than a material uncured breach by Bank or Processor, Merchant shall pay [Pivotal Payments, Inc.] damages (the "Damages") determined by: (a) computing the number of months remaining from the date of termination to the end of the Initial or Renewal Term, as applicable; and (b) multiplying that number by Merchant's average monthly processing fees. ii. Merchant agrees that such Damages shall also be due to [Pivotal Payments, Inc.] if Merchant discontinues submitting Card transactions during the Term for a period of ninety (90) consecutive days, unless Merchant has been designated a seasonal merchant or as otherwise agreed to by Bank or Processor. iii. Merchant acknowledges and agrees that the Damages are not a penalty but rather a reasonable computation of the financial harm caused by the termination of this Agreement by Merchant.

26. Section 16.H of the merchant agreement signed by ViSalus on September 9, 2011 further provides:

> Attorneys' Fees. Merchant will be liable for and will indemnify and reimburse Processor and Bank for all attorneys' fees and other costs and expenses paid or incurred by Processor and Bank or their agents in the enforcement of this Agreement, or in collecting any amounts due from Merchant or resulting from any breach by Merchant of this Agreement.

## COUNT I – BREACH OF CONTRACT
(Against ViSalus)

27. Pivotal incorporates and restates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth below.

28. There is a valid and enforceable contract between Pivotal and ViSalus.

29. ViSalus wrongfully terminated and breached the contract prior to the expiration of its term.

30. Pivotal has suffered actual damages in an amount to be proven at trial but not less than $17,000,000.00 as a result of ViSalus' breach and wrongful termination of the contract.

## COUNT II – TORTIOUS INTERFERENCE
(Against Blyth)

31. Pivotal incorporates and restates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth below.

32. Blyth owns 57.5% of ViSalus.

33. There is a valid and enforceable contract between Pivotal and ViSalus.

34. Blyth knew of the contract between Pivotal and ViSalus.

35. Blyth intended to induce ViSalus' breach and wrongful termination of the contract improperly and without justification.

36. ViSalus breached and wrongfully terminated the contract between it and Pivotal induced and caused by Blyth.

37. Pivotal has suffered actual damages in an amount to be proven at trial but not less than $17,000,000.00 as a result of ViSalus' breach and wrongful termination of the contract induced and caused by Blyth.

**WHEREFORE**, Plaintiff Pivotal Payments, Inc. respectfully prays for judgment against

Defendants as follows:

1. That the Court enter a monetary judgment in favor of Plaintiff against ViSalus for actual damages in an amount to be proven at trial but not less than $17,000,000.00, plus pre-judgment interest to the fullest extent allowed under the contract and applicable law;

2. That the Court require Defendants to pay Plaintiff's costs, including attorney's fees, to the fullest extent allowed under the and applicable law;

3. That the Court require Blyth to pay actual and exemplary or punitive damages based on its tortious interference;

4. That the Court tax any court costs against Defendants; and

5. That the Court award such other, further, and general relief as the Court deems appropriate or to which Plaintiff shows itself entitled.

Dated: New York, New York
       November 21, 2011

Respectfully submitted,

_____
Eleanor M. Lackman (EL-3668)
Joshua S. Wolkoff (JW-7470)
COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue
New York, New York 10010
Telephone: (212) 974-7474
Facsimile: (212) 974-8474
Email: elackman@cdas.com
       jwolkoff@cdas.com

Derek W. Edwards
Heather J. Hubbard
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-8966
Telephone: (615) 244-6380
Facsimile: (615) 244-6804

Email: derek.edwards@wallerlaw.com
heather.hubbard@wallerlaw.com

*Attorneys for Plaintiff Pivotal Payments, Inc.*