**CDAS**

COWAN DEBAETS ABRAHAMS & SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
t: 212 974 7474
f: 212 974 8474
www.cdas.com

ELEANOR M. LACKMAN
PARTNER
212 974 7474 ext 1958
elackman@cdas.com

JEAN ALBERT
FREDERICK P. BIMBLER
SUSAN H. BODINE
ANDREA F. CANNISTRACI
AL J. DANIEL, JR.*
TIMOTHY J. DEBAETS
MATTHEW A. KAPLAN*
ELEANOR M. LACKMAN
ELLIS B. LEVINE
MARY E. RASENBERGER+
M. KILBURG REEDY
JOSHUA B. SESSLER
J. STEPHEN SHEPPARD
MARC H. SIMON
KENNETH N. SWEZEY
NANCY E. WOLFF+

ZEHRA J. ABDI
DAVID E. ASHLEY*
LISA QUINTELA*
STEVEN A. WERIER
JOSHUA S. WOLKOFF*

OF COUNSEL:
ANNE C. BAKER
MICHAEL BRACKEN*
ROBERT I. FREEDMAN
JERROLD B. GOLD
JANIS C. NELSON+

SPECIAL COUNSEL:
ROBERT J. EPSTEIN

PHILIP M. COWAN
(1943-2001)
HOWARD ABRAHAMS
(1945-1996)

+Admitted in CA
*Admitted in NJ
◆Also Admitted in CT
◆Also Admitted in DC
✳Also Admitted in NJ
●Also Admitted in AR & DC
✦Also Admitted in CA & PA

BEVERLY HILLS OFFICE:
9595 WILSHIRE BLVD, SUITE 900
BEVERLY HILLS, CA 90212
t: 212 497 0917 / f: 310 492 4394

March 26, 2012

VIA ECF FILING

Magistrate Judge Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

Re: <u>Pivotal Payments, Inc. v. FVA Ventures, Inc. et al.</u> 2:11-cv-05713

Dear Judge Lindsay:

We represent Plaintiff Pivotal Payments, Inc. ("Pivotal") in the above-referenced action and write to respectfully request that the Court disregard the improper response filed by defendants FVA Ventures, Inc. d/b/a ViSalus Sciences ("ViSalus") and Blyth, Inc. ("Blyth") (together, "Defendants") late on March 23, 2012, in opposition to Pivotal's request for additional time to prepare and file its reply papers in further support of its motion to amend. Presently, the papers are due to be filed today, although Defendants have agreed to a two-day extension that has not yet been so ordered due to Pivotal's need for more time beyond that.

Rather than setting forth a basis to refute Pivotal's good faith belief that it requires additional time for reply on Pivotal's motion to amend, Defendants' letter amounts to a letter brief that re-sets forth its merits arguments and refers to facts that are outside the record and filed pleadings. Defendants go so far as to suggest that if Pivotal puts in papers to support its case, it would do so in violation of Rule 11. Pivotal's proposed Second Amended Complaint is far from improper pleading, but the point of this letter to object that Defendants' incantation of Rule 11 is highly improper, especially so because, among other reasons, Rule 11's safe harbor provision *invites* amended pleadings.

Noticeably absent from Defendants' letter is any basis to postpone the full submission of papers on *Pivotal's* motion to amend by approximately one week; certainly the argument that "[t]wo institutions that are not parties to this litigation hold more than $10 million that ViSalus owns" is outside the record and filed pleadings. ViSalus' repeated reference to $10 million is not a sufficient basis to show that Pivotal's request is other than in good faith, especially so because Pivotal alleges the ViSalus' termination was wrongful and

{A072673.DOC/2}



COWAN DEBAETS ABRAHAMS & SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
t: 212 974 7474
f: 212 974 8474
www.cdas.com

PAGE 2

ViSalus has not sought any expedited or third-party relief itself. As to the motion to amend itself, the Court may adjudicate it in due course without Defendants' baseless attempts to jump to the front of the line.

We regret needing to add additional paper to this matter, particularly when professional courtesy could have eliminated the need to contact the Court in the first place, but we believe that no other option existed given the improper letter briefing that Defendants deemed appropriate to file. We thank the Court for its attention to Pivotal's request and hope that its requested extension will be granted.

Respectfully submitted,

Eleanor M. Lackman

cc:     All counsel of record (via ECF)

{A072673.DOC/2}